# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DOMIANO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-683-JAR |
| | ) | |
| SCHNUCKS MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Restrict Defendant's Communication with Putative Class Members and to be Included in All Future Communications ("Motion"; ECF No. 12). In their Motion, Plaintiffs assert that Defendant is communicating with putative class members through its website regarding the breach of security of Defendant's payment system. Although Defendant does not mention the existence of this lawsuit in these communications, Plaintiffs assert that Defendant's communications with putative class members (that is, all customers who used their credit and debit cards at Defendant's stores during the security breach) concern issues specific to this lawsuit and affect the rights of members of the putative class. Plaintiffs assert that Defendant has created a claims program to reimburse individuals for losses related to the security breach and that such program will likely be cited as a "settlement" or "satisfaction" in future litigation. See ECF No. 17-1 (letter from Schnucks to customers providing "15.00 in satisfaction of your claim"). Plaintiffs state that this "limited evidence shows that Defendant's communication to putative class members concerning this litigation is, at the very least, misleading and confusing." (Plaintiffs' Reply in Support of Motion to Restrict Defendant's Communications ECF No. 25 at 4). Plaintiffs request an order, pursuant

to Fed.R.Civ.P. 23(d),[1] restricting Defendant's communications with putative class members and requiring Defendant to include Plaintiffs' counsel on all future communications.

In response, Defendant asserts that it should not be restricted from communicating with its customers, particularly when Plaintiffs have not identified any abusive communications. (ECF No. 17 at 1). Defendant notes that Plaintiffs have not identified anything "incorrect, misleading, or coercive" about what it has said to its customers. Defendant states that it has not required claimants to sign releases in exchange for payments as part of its voluntary claims program. (Id. at 9).

"In a class-action lawsuit, a district court may not order restraints on speech under Fed.R.Civ.P. 23(d) except when justified by actual or threatened misconduct of a serious nature." Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc., 59 F.3d 764, 766 (8th Cir. 1995)(citing Manual for Complex Litigation, Second § 30.24 at 232 (1985)). "Before entry of such an order, there must be a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Great Rivers Co-op. of Se. Iowa, 59 F.3d at 766 (citing Gulf Oil v. Bernard, 452 U.S. 89, 101, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981)).

The Court finds that restriction of Defendant's communications is not warranted at this stage of the litigation and based upon the evidence presented. The Court notes that there are currently settlement negotiations occurring in the equivalent State court action in the Twenty-Second Circuit Court of the City of St. Louis, Missouri. Likewise, this federal action has become part of a multi-district litigation (MDL) action that has been consolidated for purposes of pre-trial and involves four other federal cases, each with different plaintiffs' counsel. Thus, the

---

[1] Fed.R.Civ.P. 23(d)(1)(C) provides that "[i]n conducting an action under this rule, the court may issue orders that impose conditions on the representative parties[.]"

Court finds that inclusion of Plaintiffs' counsel in all future communications to be impracticable and unjustified given the current state of the litigation.

Further, the Court does not believe that Plaintiffs have provided adequate evidence to support such a restriction on speech. Plaintiffs are seeking to limit Defendant's communications with its customers who are not yet represented by counsel. While the Court recognizes that there is precedent for limiting communication with putative class members, see Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1203 (11th Cir. 1985), the Court finds that Plaintiffs have not demonstrated that Defendant has abused the class action process such to require Plaintiffs' proposed overly burdensome sanction. Plaintiffs have not demonstrated that Defendant has been "soliciting class members to opt out of the litigation[.]" Great Rivers Co-op. of Se. Iowa, 59 F.3d at 766. The Court takes Defendant at its word that its voluntary payment to its customers as a "satisfaction of … claim" is not a release of claims for potential plaintiffs. If Plaintiffs discovers that Defendant is having any communications with putative class plaintiffs that is improper or unethical, Plaintiffs can revisit this issue with the Court

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Restrict Defendant's Communication with Putative Class Members and to be Included in All Future Communications [12] is **DENIED**.


Dated this 6th day of February, 2014.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**